## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 23-CR-0073-002-SEH** |
| **JUAN CARLOS HUERTA-TORRES,** | **USM No.: 43419-510** |
| **Defendant.** | |

### OPINION AND ORDER

Before the Court is Defendant Juan Huerta-Torres's motion for appointment of counsel, filed on January 24, 2025. [ECF No. 129]. Defendant requests appointment of counsel for assistance with filing a motion for sentence reduction based on recent amendments to the criminal history section of the United States Sentencing Guidelines.

The Court notes that, "[t]here is no constitutional right to counsel beyond the direct appeal of a criminal conviction." *United States v. Brown*, 556 F.3d 1108, 1113 (10th Cir. 2009) (quoting *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008)); *see also United States v. Little*, Case No. 14-195-KG, 2020 WL 2736944, at 1–2 (D.N.M. May 26, 2020) (denying motion for appointed counsel of defendant seeking compassionate release).

Further, Amendment 821, Part B, effective November 1, 2023, provides a two-level downward adjustment, pursuant to USSG §4C1.1, for certain

defendants who have zero criminal history points. USSG §§ 1B1.10(a) and (d) authorize the Court to apply this amendment retroactively. However, Defendant was sentenced on October 18, 2024, after the amendment effective date, utilizing the 2023 Sentencing Guidelines Manual, which incorporated the amendment. Accordingly, defendant has already received a two-level reduction in his calculated offense level pursuant to USSG §4C1.1. *See* PSR ¶ 26. Therefore, Defendant is not eligible for a reduction under Amendment 821, Part B.

**IT IS THEREFORE ORDERED** that Defendant's motion for appointment of counsel [ECF No. 129] is **denied**.

**DATED** this 27th day of January, 2025.

Sara E. Hill
UNITED STATES DISTRICT JUDGE